**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LUKE HATZIPETROS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 13-cv-585 |
| COOK COUNTY SHERIFF'S OFFICE, | ) | |
| | ) | |
| Defendant. | ) | Judge Sharon Johnson Coleman |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Luke Hatzipetros ("Hatzipetros"), filed a pro se complaint claiming that the Cook County Sheriff's Office failed to promote him due to his political affiliation. Defendant, Cook County Sheriff's Office (the "Sheriff") moves to dismiss for failure to plead federal jurisdiction and failure to state a claim. For the reasons stated below, this Court grants the motion and dismisses the complaint without prejudice.

**Background**

Hatzipetros is employed as a Cook County Sheriff's Deputy. Hatzipetros alleges that in 2009 he successfully completed the Law Enforcement Certification Examination in an effort to become a police officer rather than a correctional officer. The complaint alleges that Hatzipetros was working as a Deputy in the Court Services Department when he applied for the Cook County Sheriff's Police. Hatzipetros alleges that out of the 26 promotions that took place, 25 of them were from the Department of Corrections and 1 was from the Court Services Department. Ten or more of the candidates, including the one from Court Services, were less senior than Hatzipetros. Hatzipetros believes that it is the common practice of the Sheriff to promote from

within the Department of Corrections and not from the Department of Court Services because the

Sheriff is allocated federal funding to refill these vacancies, but not the vacancies in Court

Services. Hatzipetros believes it is "punishment" to be assigned to Court Services without the

ability for a promotion to the Cook County Sheriff's Police Department. He filed the instant

complaint claiming political discrimination and failure to promote.

**Legal Standard**

To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual

allegations "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). The basic pleading requirement is set forth in *Federal Rule of Civil Procedure*

8(a)(2), which requires a complaint contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require a

plaintiff to plead particularized facts, the factual allegations in the complaint must sufficiently

raise a plausible right to relief above a speculative level. *Arnett v. Webster*, 658 F.3d 742, 751–

52 (7th Cir. 2011). On a motion to dismiss, the Court accepts as true all well-pleaded allegations

(*Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007)), and draws all reasonable inferences in

favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). A *pro se*

complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972).

**Discussion**

The Sheriff asserts that this Court should dismiss the complaint, first for failure to plead a

basis for federal jurisdiction. The pro se complaint is a form complaint for employment

discrimination pursuant to 42 U.S.C. § 1983. While this Court finds that Hatzipetros has not

adequately pleaded facts supporting this claim, as will be discussed below, he has alleged a basis

for federal question jurisdiction in the form of employment discrimination. Although he argues in his response brief that jurisdiction is based on diversity under 28 U.S.C. § 1332, both parties are residents of Illinois and therefore diversity jurisdiction does not apply. Even if diversity jurisdiction did apply, a party opposing a motion to dismiss may not amend the complaint by way of arguments made in a brief. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 448 (7th Cir. 2011).

The promotion, transfer, and hiring decisions of low-level public employees may not be constitutionally based on party affiliation. *Rutan v. Republican Party*, 497 U.S. 62, 65 (1990). In order to state a claim for relief for First Amendment retaliation (i.e., political discrimination), Hatzipetros must allege that, "'(1) his speech was constitutionally protected; (2) he has suffered a deprivation likely to deter free speech; and (3) his speech was at least a motivating factor in the employer's actions.'" *Peele v. Burch*, 722 F.3d 956, 959 (7th Cir. 2013) (quoting *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012).

Here, Hatzipetros has not alleged any of these elements. He seems instead to base his discrimination claim on an interdepartmental bias. The allegations in the complaint assert no political affiliation or activity, but only that the Sheriff has historically promoted individuals from one department rather than another. "While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action." *Nichols v. S. Ill. Univ. -Edwardsville*, 510 F.3d 772, 780 (7th Cir. 2007) (citing *O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir. 2004)). Hatzipetros is undoubtedly disappointed that the Sheriff did not promote him to the position he wanted. That alone however, without some indication that the Sheriff impermissibly based his decision on a constitutionally protected activity, is insufficient to state a claim for political discrimination or patronage.

**Conclusion**

For the reasons stated herein, Hatzipetros' claim is dismissed without prejudice. Because Hatzipetros is pro se and leave to amend should be freely given as justice requires, he is allowed 21 days from entry of this order to amend his complaint. Failure to amend the complaint within this time period will result in dismissal with prejudice.

IT IS SO ORDERED.

Date: January 7, 2014

Entered:_____
                 United States District Judge